Howard A. Sperry, for appellant.
Saul Bernstein, for respondents.

PER CURIAM. On a motion made by defendant to renew a motion to vacate a judgment entered against it, judgment rolls in certain other actions were used as part of the opposing papers. The defendant, being defeated and desiring to appeal, requested the plaintiffs, pursuant to the provisions of rule 34 of the General Rules of Practice, to settle a "statement" respecting the same to be printed in the appeal book. This the plaintiffs refused to do, except upon certain conditions, and insisted upon their being printed in full. The defendant thereupon moved the court to compel the making of such statement, which was refused. These judgment rolls were not pertinent to the merits of the motion, except as they showed their existence and the attitude of the defendant respecting certain matters, and, so far as material to the question of the regularity of the judgment complained of, a statement could have been prepared covering less than a page. The plaintiffs, nevertheless, compelled the defendant to print them in full, and they occupy 36 pages of the appeal book.

Ordinarily this court would not interfere in the manner of making up a record on appeal; but the practice of making voluminous records has become so general, and any attempt to condense the record seems to have been so completely abandoned, that we take this opportunity to reversing this order and imposing the costs of printing the record upon the plaintiffs, for the purpose of emphasizing our disapproval. Voluminous records, as well as voluminous briefs, not only impose unnecessary work upon the court, but tend to confuse, rather than enlighten. Often unnecessary and burdensome records are printed, when a short and concise statement would much better answer the purpose. It is doubtless easier to deliver manuscript to a printer than to properly condense it; but attorneys should not shirk the burden which proper practice imposes upon them.

The order should be reversed, with $10 costs and disbursements to appellant.

---

SODEKSON et al. v. MUTUAL BEN. LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

INSURANCE—ASSIGNMENT OF LIFE POLICY—ACTION BY ASSIGNEES.

Where, in an action on a life policy, plaintiffs introduced the policy and an assignment thereof to them, and testified that they had never assigned their claim, but defendant put in evidence a reassignment from each of plaintiffs to the insured's widow and proved that the signatures thereto were genuine, which proof was not contradicted in any way, plaintiffs failing to deny that the signatures were genuine, and it further appearing that the policy was in the possession of the widow at the time of the insured's death, a verdict should have been directed for defendant.

Appeal from Trial Term.

Action by Bessie Sodekson and another against the Mutual Benefit Life Insurance Company. From a judgment for plaintiffs, and

from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Benjamin G. Paskus (Walter N. Seligsberg, of counsel), for appellant.

Henry W. Bridges, for respondents.

McLAUGHLIN, J. In July, 1876, the defendant issued a policy of life insurance upon the life of Morris S. Schneider, which was immediately thereafter assigned to the plaintiffs in this action. Subsequently Schneider married, and it is claimed that the plaintiffs reassigned their interest in the policy to the wife. Schneider died in May, 1907, and his widow filed with the defendant the original policy, the assignment to the plaintiffs, and two other papers, which are alleged to reassign their interest to her, together with the necessary proofs of loss, and the amount of the policy was thereupon paid to her. The plaintiffs in this action thereafter filed proofs of loss and made a demand that the insurance company pay to them the amount called for by the policy, which was refused, and thereupon this action was brought to recover the same. They had a verdict, and from the judgment entered thereon, and an order denying a motion for a new trial, the defendant appeals.

At the trial the plaintiffs introduced in evidence the policy, the assignment to them, and the respondent Sodekson testified, in answer to a question as to whether she had ever assigned her claim under the policy to any one, "No." The respondent Schneider testified, in answer to a similar question, "Never." This was the only proof they gave which related to the validity of the reassignments at the time of the trial. The answers to the questions did not state any facts, but were at most legal conclusions drawn from the facts stated in the questions. The defendant put in evidence a reassignment from each of the plaintiffs to the insured's widow, and proved by two witnesses that the signatures thereto were the genuine signatures of the respondents. This proof was not denied or contradicted in any way, nor did they at any time deny that their signatures to the reassignments were not genuine. The fact, therefore, at the conclusion of the trial, that they had reassigned the policy to the insured's widow, was undenied, and this, taken in connection with the further fact that the policy was in her possession at the time of the death of the insured, fully justified the defendant in paying to her the amount called for by the policy. There is no evidence to sustain a verdict in favor of the plaintiffs; on the contrary, a verdict should have been directed for the defendant.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.